UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROOSEVELT JONES,<br><br>Defendant. | Case No. 2:18-cr-008-APG-NJK<br><br>**ORDER DENYING APPEAL OF MAGISTRATE JUDGE'S DETENTION ORDER**<br><br>(ECF Nos. 19, 22) |

Defendant Roosevelt Jones appeals from Magistrate Judge Leen's Order of Detention.[1] I must conduct a *de novo* review of the evidence before Magistrate Judge Leen (and any additional evidence submitted by the parties), and make my own independent determination with no deference. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir.1990).

In determining whether to detain or release a defendant, the court is required to consider four factors: (1) the nature and circumstances of the offense charged, including whether it is a crime of violence or involves drugs; (2) the weight of the evidence;[2] (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community should the defendant be released. 18 U.S.C. § 3142(g).[3]

---

[1] Jones also moves for permission to file a reply in support of his motion. ECF No. 22. I grant that motion.

[2] This factor "is the least important of the various factors." *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). "Although the [bail reform] statute permits the court to consider the nature of the offense and the evidence of guilt, the statute neither requires nor permits a pretrial determination that the person is guilty." *Id.* (citations omitted). "[I]f the court impermissibly makes a preliminary determination of guilt, the refusal to grant release could become in substance a matter of punishment." *Id.* Accordingly, this factor "may be considered only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id.*

[3] Magistrate Judge Leen did not consider Mr. Jones to be a flight risk, nor do I.

I listened to the audio tape of the hearing before Magistrate Judge Leen (ECF No. 19, Exh. B) and the recording of the 911 call (ECF No. 19, Exh. C); I watched the bodycam video of Jones's arrest (ECF No. 19, Exh. D); and I reviewed the parties' briefs.

This is a serious charge and the evidence against Jones is very strong (as demonstrated by the video showing the officers take the gun from Jones). Jones downplays the 911 call reporting to the police that he had displayed the gun and threatened to shoot someone. But regardless of that call, as Magistrate Judge Leen found Jones poses a danger to the community based on his many prior arrests and felony convictions for robbery and illegal possession of weapons. He continues to disregard the fact that he cannot possess weapons. His proclivity to possess guns constitutes a danger to the community, and it is apparent he would continue to ignore orders not to do so.

I adopt Magistrate Judge Leen's findings. *Koenig*, 912 F.2d at 1193. There are no conditions or combination of conditions that could be fashioned that would reasonably protect the community against the risk of danger posed by Jones.

IT IS THEREFORE ORDERED that Jones's motion for review of detention order **(ECF No. 19) is DENIED**.

IT IS FURTHER ORDERED that Jones's motion for leave to file a reply **(ECF No. 22) is GRANTED**.

DATED this 12th day of February, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE