# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROOSEVELT JONES,<br><br>Defendant. | Case No. 2:18-cr-008-APG-NJK<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>[ECF No. 133] |

Defendant Roosevelt Jones pleaded guilty to being a felon in possession of a firearm and was sentenced to 34 months in custody and 36 months of supervised release. He commenced supervised release on June 10, 2020. Less than two weeks later, Jones kidnapped a man, sexually assaulted him, beat him with a gun, and robbed him. After an evidentiary hearing, I found that Jones had violated two conditions of release, and I sentenced him to 24 months in prison and 12 months of supervised release. ECF No. 127.

On December 14, 2020, while Jones was housed at the Nevada Southern Detention Center (NSDC) awaiting transfer to a Bureau of Prisons facility, he tested positive for COVID-19. He now moves for compassionate release under 18 U.SC. § 3582(c)(1)(A) based on that diagnosis. ECF No. 133. The United States opposes the request.

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons."[1] I must consider the factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission," including

---

[1] Because Jones is not yet at a Bureau of Prisons facility, he cannot petition the warden for compassionate release, as required by 18 U.S.C. § 3582(c)(1)(A). The Government concedes and I find that the exhaustion requirement is satisfied.

the requirement that the defendant "is not a danger to the safety of any other person or to the community." 18 U.S.C. § 3582(c)(1)(A)(i) (referring to U.S.S.G. § 1B1.13(2)).

Jones's motion is based solely on his allegation that NSDC is not adequately protecting detainees from COVID-19. He points to no underlying medical condition that makes him more susceptible to serious complications from COVID-19. To the contrary, despite testing positive, he was asymptomatic and he reports no lingering problems. Based on current medical information, he likely will retain some immunity from reinfection for a while. And the COVID-19 vaccines are being rolled out to inmates. Thus, there does not appear to be a significant likelihood of reinfection.

The risk of COVID-19 infection, standing alone, does not constitute an "extraordinary and compelling reason" for compassionate release. *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ."). COVID-19 presents a risk to citizens who are not incarcerated as well. Indeed, Nevada has been hard hit by the pandemic and its positivity rate is currently more than four times the rate recommended by the World Health Organization.

Jones has not presented extraordinary and compelling reasons to terminate his incarceration early. But even if he had, I would deny his request because he remains a danger to the community. He has a lengthy criminal history, including robbery, grand theft, and illegal possession of weapons. He has not been deterred by prior prison terms. Less than two weeks after being released on his most recent sentence, he violated conditions of supervision by committing violent acts. He remains a danger to the community, which precludes compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i) (referring to U.S.S.G. § 1B1.13(2)).

I therefore deny Jones's motion for compassionate release.

DATED this 13th day of January, 2021.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE