UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ROOSEVELT JONES,<br><br>　　　　　　Defendant. | Case No. 2:18-cr-00008-APG-NJK<br><br>**ORDER**<br><br>[ECF Nos. 148, 149] |

　　　　Roosevelt Jones filed motions seeking relief from, or dismissal of, his original judgment and sentence (ECF No. 85) and his subsequent judgment and sentence for violating conditions of supervision (ECF No. 127). ECF Nos. 148, 149. He bases his motions on Federal Rule of Civil Procedure 60(b). But that rule does not apply in this criminal case. The only statutory basis for me to consider Jones's request for relief is 28 U.S.C. § 2255.

　　　　Generally, litigants may file only one motion under § 2255. Thus, if I treat Jones's present motions as a single § 2255 motion, it could bar him from filing a second § 2255 motion in the future. *United States v. Seesing*, 234 F.3d 456, 463 (9th Cir. 2000), *as amended* (Jan. 29, 2001).

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion. Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

*Id.* at 464.

Therefore, I hereby advise Jones that I intend to recharacterize his present motions as a § 2255 motion unless he withdraws them. If he consents to my recharacterizing his motions or he does not withdraw them, he could be barred from bringing any future challenge to his convictions and sentences because it likely would be treated as a second or successive § 2255 motion, unless he can satisfy the strict requirements for filing a second § 2255 motion. If he withdraws his present motions, he could file one all-inclusive § 2255 motion, which would include all grounds he wishes to assert. I do not suggest that the pending motions, or any § 2255 motion, would be timely. That is a matter for a different day. Thus, I will allow Jones to either consent to my recharacterization of his present motions as a § 2255 motion or withdraw his present motions.

I THEREFORE ORDER defendant Roosevelt Jones to file a notice in this case stating whether he (1) consents to my recharacterizing his motions as a § 2255 motion or (2) withdraws his present motions. He must file that notice by **April 22, 2022**. If he fails to file his notice by that date, I will recharacterize his motions as a § 2255 motion and proceed accordingly.

DATED this 21st day of March, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE