UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROOSEVELT JONES,<br><br>    Defendant. | Case No. 2:18-cr-00008-APG-NJK<br><br>**ORDER DENYING MOTIONS**<br><br>[ECF Nos. 148, 149, 156] |

Roosevelt Jones filed motions seeking relief from, or dismissal of, his original judgment and sentence (ECF No. 85) and his subsequent judgment and sentence for violating conditions of supervision (ECF No. 127). ECF Nos. 148, 149.  He bases his motions on Federal Rule of Civil Procedure 60(b), which does not apply in criminal cases.  I notified Jones that he could either withdraw his motions or consent to me treating them as a motion under 28 U.S.C. § 2255. ECF No. 155.  Jones responded by filing another motion objecting my recharacterizing his filings as a § 2255 motion and reiterating that this court lacks jurisdiction over his criminal case and his supervised release proceeding. ECF No. 156.

Jones's motions seek relief under Federal Rules of Civil Procedure 59 and 60.  Those rules do not apply to this criminal case.  Thus, the motions fail on their merits.

If I recharacterize his filings as a motion to vacate his sentence under 28 U.S.C. § 2255, Jones still fails.  The motions are untimely and lack merit.  This court had jurisdiction over Jones's criminal prosecution under 18 U.S.C. § 3231 and over his supervised release revocation proceedings under 18 U.S.C. § 3565.  Thus, I deny his motions.

/ / / /

I THEREFORE ORDER that defendant Roosevelt Jones's motions for relief **(ECF Nos. 148, 149, 156) are DENIED.**

I FURTHER ORDER that I deny a certificate of appealability because Jones has not made a substantial showing of the denial of a constitutional right, and reasonable jurists would not debate my decision. 28 U.S.C. § 2253(c)(2); *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

DATED May 16, 2022

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE